IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH APPLE ID Toronto_habibi2 THAT IS STORED AT PREMISES CONTROLLED BY APPLE, INC. | Case Nos. 4:19-MJ-17<br>4:19-CR-67<br><br>**Filed Under Seal** |

**MOTION TO SEAL AND APPLICATION FOR ORDER COMMANDING APPLE, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT**

The United States requests that the Court order Apple, Inc. ("Apple") not to notify any person (including the subscribers and customers of the account(s) listed in the warrant) of the existence of the attached warrant until May 13, 2020. The United States further requests that the Court place under seal all filings submitted in support of the United States' application for a search warrant in the above-captioned matter, including the search warrant, application, and the Affidavit of Special Agent Jason Lynch in support of the search warrant application.

Apple is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Apple to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the

investigation, and its disclosure may alert the targets to the ongoing investigation. In particular, the target of this warrant is believed to reside abroad, takes efforts to conceal his identity, uses a variety of sophisticated electronic measures to avoid detection, and has recently been indicted under seal in this District for conspiracy to commit bank fraud. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Apple not to disclose the existence or content of the attached warrant until May 13, 2020, except that Apple may disclose the attached warrant to an attorney for Apple for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court, as well as the search warrant application, search warrant, and Affidavit in support. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on May 10, 2019.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*/s/ Chris Howard*

Chris Howard
Assistant United States Attorney
New York Bar Number 4935938

P.O. Box 8970
Savannah, GA 31412
(912) 652-4422